E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
MATT COE-ODESS (Cal. Bar No. 313082)
Assistant United States Attorney
General Crimes Section
        1200 United States Courthouse
        312 North Spring Street
        Los Angeles, California 90012
        Telephone: (213) 894-8957
        Facsimile: (213) 894-6269
        E-mail:    matt.coe@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

                    UNITED STATES DISTRICT COURT

                FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 23-cr-00645-FMO |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT SERGIO BARRON |
| v. | |
| SERGIO BARRON, | |
| Defendant. | |

        1.   This constitutes the plea agreement between SERGIO BARRON

("defendant") and the United States Attorney's Office for the Central

District of California (the "USAO") in the above-captioned case.

This agreement is limited to the USAO and cannot bind any other

federal, state, local, or foreign prosecuting, enforcement,

administrative, or regulatory authorities.

                        DEFENDANT'S OBLIGATIONS

        2.   Defendant agrees to:

            a.   At the earliest opportunity requested by the USAO and

provided by the Court, appear and plead guilty to count two of the

indictment in United States v. SERGIO BARRON, CR No. 23-cr-00645-FMO,

which charges defendant with possession with intent to distribute at least 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii).

b.   Not contest facts agreed to in this agreement.

c.   Abide by all agreements regarding sentencing contained in this agreement.

d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.   Pay the applicable special assessments at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

h.   Agree to and not oppose the imposition of the following condition of probation or supervised release:

i.   The defendant shall submit defendant's person and any property under defendant's control, including any residence, vehicle, papers, computer and other electronic communication or data storage devices and media, and effects, to suspicion-less search and seizure at any time of the day or night by any law enforcement or probation officer, with or without a warrant, and with or without cause; and if stopped or questioned by a law enforcement officer for

any reason, defendant shall notify that officer that defendant is on federal supervised release and subject to search.

3. Defendant further agrees:

a. To forfeit all right, title, and interest in and to any and all monies, properties, and/or assets of any kind, derived from or acquired as a result of, used to facilitate the commission of, or involved in the illegal activity to which defendant is pleading guilty, specifically including, but not limited to, the following:

i. one HS Produkt XDS 2 mm semiautomatic pistol, bearing serial number AT161804;

ii. one privately manufactured Polymer 80 model PF9470C .40 caliber semiautomatic pistol, bearing no serial number (commonly referred to as a "ghost gun");

iii. one privately manufactured EP Armory .556 caliber semiautomatic rifle, bearing no serial number (commonly referred to as a "ghost gun");

iv. fifty (50) rounds of 9mm ammunition;

v. twenty (20) rounds of .223 caliber ammunition;

vi. one Smith and Wesson Model M&P shield 40, .40 caliber semiautomatic pistol, bearing serial number HNE1437;

vii. six (6) rounds of .40 caliber ammunition (collectively, the Forfeitable Property").

b. To the Court's entry of an order of forfeiture at or before sentencing with respect to the Forfeitable Property and to the forfeiture of the property.

c. That the Preliminary Order of Forfeiture shall become final as to the defendant upon entry.

d.   To take whatever steps are necessary to pass to the United States clear title to the Forfeitable Property, including, without limitation, the execution of a consent decree of forfeiture and the completing of any other legal documents required for the transfer of title to the United States.

e.   Not to contest any administrative forfeiture proceedings or civil judicial proceedings commenced against the Forfeitable Property.  If defendant submitted a claim and/or petition for remission for all or part of the Forfeitable Property on behalf of himself or any other individual or entity, defendant shall and hereby does withdraw any such claims or petitions, and further agrees to waive any right he may have to seek remission or mitigation of the forfeiture of the Forfeitable Property. Defendant further waives any and all notice requirements of 18 U.S.C. § 983(a)(1)(A) and/or requirements of the Government to commence forfeiture actions pursuant to 18 U.S.C. § 924(d)(1).

f.   Not to assist any other individual in any effort falsely to contest the forfeiture of the Forfeitable Property.

g.   Not to claim that reasonable cause to seize the Forfeitable Property was lacking.

h.   To prevent the transfer, sale, destruction, or loss of the Forfeitable Property to the extent defendant has the ability to do so.

i.   That forfeiture of Forfeitable Property shall not be counted toward satisfaction of any special assessment, fine, restitution, costs, or other penalty the Court may impose.

j.   With respect to any criminal forfeiture ordered as a result of this plea agreement, defendant waives: (1) the requirements

4

of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding
notice of the forfeiture in the charging instrument, announcements of
the forfeiture sentencing, and incorporation of the forfeiture in the
judgment; (2) all constitutional and statutory challenges to the
forfeiture (including by direct appeal, habeas corpus or any other
means); and (3) all constitutional, legal, and equitable defenses to
the forfeiture of the Forfeitable Property in any proceeding on any
grounds including, without limitation, that the forfeiture
constitutes an excessive fine or punishment.  Defendant acknowledges
that forfeiture of the Forfeitable Property is part of the sentence
that may be imposed in this case and waives any failure by the Court
to advise defendant of this, pursuant to Federal Rule of Criminal
Procedure 11(b)(1)(J), at the time the Court accepts defendant's
guilty plea.

     k.   To the abandonment to the United States of any
interest of the defendant in the following property (collectively,
the "Seized Property") seized by law enforcement on or about May 21,
2022, and December 8, 2022:

          i.   one privately manufactured Polymer 80 model
PF9470C .40 caliber semiautomatic pistol, bearing no serial number
(commonly referred to as a "ghost gun");

          ii.  one privately manufactured Polymer80 model PF9SS
.9mm caliber semiautomatic pistol, bearing no serial number (commonly
referred to as a "ghost gun");

          iii. one 5.56/223 caliber semiautomatic rifle, bearing
no serial number (commonly referred to as a "ghost gun");

          iv.  one Savage Arms, 69RXL Series E 12-gauge shotgun,
bearing serial number E598291;

v.   one black .40 caliber magazine;

vi.   one clear .9mm caliber magazine;

vii. One tan 9mm magazine;

viii.     One black 9mm magazine;

ix.  One black 5.56x45mm magazine

l.   Acknowledge that defendant is the sole owner of the Seized Property, and that no other person or entity has an interest in the Seized Property.

m.   Complete any legal documents (including, but not limited to, an ATF Form 3400.1 – Abandonment) required for the transfer of title of the Seized Property to the United States.

<u>THE USAO'S OBLIGATIONS</u>

4.   The USAO agrees to:

a.   Not contest facts agreed to in this agreement.

b.   Abide by all agreements regarding sentencing contained in this agreement.

c.   At the time of sentencing, move to dismiss the remaining counts of the indictment as against defendant.  Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

d.   At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

1

## NATURE OF THE OFFENSES

2  5.  Defendant understands that for defendant to be guilty of

3  the crime charged in count two, that is, possession with intent to

4  distribute at least 50 grams of methamphetamine, in violation of

5  Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(viii),

6  the following must be true: (1) defendant knowingly possessed a

7  controlled substance, namely methamphetamine; and (2) defendant

8  possessed it with the intent to distribute it to another person.  To

9  "possess with intent to distribute" means to possess with intent to

10 deliver or transfer possession of methamphetamine to another person,

11 with or without any financial interest in the transaction.  It does

12 not matter whether defendant knew that the substances was

13 methamphetamine.  It is sufficient that defendant knew that it was

14 some kind of a federally controlled substance.

15 6.  Defendant understands that for defendant to be subject to

16 the statutory maximum and statutory minimum sentences set forth

17 below, the government must prove beyond a reasonable doubt that

18 defendant possessed with intent to distribute at least 50 grams of

19 actual (that is, pure) methamphetamine.  Defendant admits that

20 defendant, in fact, possessed with the intent to distribute at least

21 50 grams of actual methamphetamine.

22 ## PENALTIES

23 7.  Defendant understands that the statutory maximum sentence

24 that the Court can impose for a violation of Title 21, United States

25 Code, Sections 841(a)(1), (b)(1)(A)(viii), as charged in count two of

26 the Indictment, is: life imprisonment; a lifetime period of

27 supervised release; a fine of $10 million or twice the gross gain or

28

7

gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

8. Defendant understands that, absent a determination by the Court that defendant's case satisfies the criteria set forth in 18 U.S.C. § 3553(f), the statutory mandatory minimum sentence that the Court must impose for a violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(viii) is: ten years' imprisonment, followed by a five-year period of supervised release; and a mandatory special assessment of $100.

9. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release.

10. Defendant understands that under 21 U.S.C. § 862a, defendant will not be eligible for assistance under state programs funded under the Social Security Act or Federal Food Stamp Act or for federal food stamp program benefits, and that any such benefits or assistance received by defendant's family members will be reduced to reflect defendant's ineligibility.

11. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or

8

ammunition.  Defendant understands that the convictions in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

12.  Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his convictions on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

<u>FACTUAL BASIS</u>

13.  Defendant admits that defendant is, in fact, guilty of the offenses to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of

guilty to the charges described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 15 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

On December 8, 2022, in Los Angeles County, within the Central District of California, defendant knowingly and intentionally possessed at least 50 grams, that is, approximately 1,518 grams of actual (that is, pure) methamphetamine, with the intent to distribute it to another person.  At the time defendant possessed the methamphetamine, defendant knew that he was in possession of a federally controlled substance.  On that same date, defendant also knowingly possessed in his bedroom approximately 909 grams of fentanyl, approximately 744 grams of cocaine, 244 grams of cocaine base, 28 grams of heroin, a HS Produkt, XDS, 9mm pistol bearing serial number AT161804, two ghost guns, and approximately $10,972 in cash.

On February 1, 2023, in Los Angeles County, defendant knowingly possessed in his bedroom approximately 917 grams of fentanyl, 729 grams of actual (that is, pure) methamphetamine, 252 grams of cocaine, 7.1 grams of cocaine base, a loaded .40 caliber Smith and Wesson M&P Shield 40 caliber pistol, bearing serial number HNE1437, and approximately $1,185 in cash.  Defendant possessed all of the foregoing fentanyl, methamphetamine, cocaine, cocaine base, and heroin with the intent to distribute the drugs to another person.

<u>SENTENCING FACTORS</u>

14.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing

10

Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate between the mandatory minimum and the maximum set by statute for the crimes of conviction.

15.  Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: [*For at least 30,000 KG of Converted Drug Weight*] | 36 | U.S.S.G. § 2D.1.1(a)(5), (c)(2) |
| Dangerous Weapon | +2 | U.S.S.G. § 2D1.1(b)(1) |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.  Defendant understands that defendant's offense level could be increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2.  If defendant's offense level is so altered, defendant and the USAO will not be bound by the agreement to Sentencing Guideline factors set forth above.

16.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

17.  Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing

11

Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

18. Defendant understands that by pleading guilty, defendant gives up the following rights:

a.   The right to persist in a plea of not guilty.

b.   The right to a speedy and public trial by jury.

c.   The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.   The right to confront and cross-examine witnesses against defendant.

f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

1

<u>WAIVER OF APPEAL OF CONVICTION</u>

2      19.  Defendant understands that, with the exception of an appeal

3  based on a claim that defendant's guilty plea was involuntary, by

4  pleading guilty defendant is waiving and giving up any right to

5  appeal defendant's convictions on the offenses to which defendant is

6  pleading guilty.  Defendant understands that this waiver includes,

7  but is not limited to, arguments that the statutes to which defendant

8  is pleading guilty are unconstitutional, and any and all claims that

9  the statement of facts provided herein is insufficient to support

10  defendant's plea of guilty.

11          <u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

12      20.  Defendant agrees that, provided the Court imposes a total

13  term of imprisonment within or below the range corresponding to an

14  offense level of 35 and the criminal history calculated by the Court,

15  defendant gives up the right to appeal all of the following: (a) the

16  procedures and calculations used to determine and impose any portion

17  of the sentence; (b) the term of imprisonment imposed by the Court;

18  (c) the fine imposed by the Court, provided it is within the

19  statutory maximum; (d) to the extent permitted by law, the

20  constitutionality or legality of defendant's sentence, provided it is

21  within the statutory maximum; (e) the term of probation or supervised

22  release imposed by the Court, provided it is within the statutory

23  maximum; and (f) any of the following conditions of probation or

24  supervised release imposed by the Court: the conditions set forth in

25  Second Amended General Order 20-04 of this Court; the drug testing

26  conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); the

27  alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7);

28

and any conditions of probation or supervised release agreed to by defendant in this agreement.

21.  The USAO agrees that, provided (a) all portions of the sentence are at or above the statutory minimum and at or below the statutory maximum specified above and (b) the Court imposes a term of within or above the range corresponding to an offense level of 35 and the criminal history category calculated by the Court, the USAO gives up its right to appeal any portion of the sentence.

## WAIVER OF COLLATERAL ATTACK

22.  Defendant also gives up any right to bring a post-conviction collateral attack on the convictions or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

23.  Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result

14

of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

24.  Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

## EFFECTIVE DATE OF AGREEMENT

25.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

26.  Defendant agrees that if defendant, at any time after the effective date of this agreement, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing.  If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw

the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

27. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a.   Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.   Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.   Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

1           COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES

2                             OFFICE NOT PARTIES

3      28.  Defendant understands that the Court and the United States

4  Probation and Pretrial Services Office are not parties to this

5  agreement and need not accept any of the USAO's sentencing

6  recommendations or the parties' agreements to facts or sentencing

7  factors.

8      29.  Defendant understands that both defendant and the USAO are

9  free to: (a) supplement the facts by supplying relevant information

10 to the United States Probation and Pretrial Services Office and the

11 Court, (b) correct any and all factual misstatements relating to the

12 Court's Sentencing Guidelines calculations and determination of

13 sentence, and (c) argue on appeal and collateral review that the

14 Court's Sentencing Guidelines calculations and the sentence it

15 chooses to impose are not error, although each party agrees to

16 maintain its view that the calculations in paragraph 15 are

17 consistent with the facts of this case.  While this paragraph permits

18 both the USAO and defendant to submit full and complete factual

19 information to the United States Probation and Pretrial Services

20 Office and the Court, even if that factual information may be viewed

21 as inconsistent with the facts agreed to in this agreement, this

22 paragraph does not affect defendant's and the USAO's obligations not

23 to contest the facts agreed to in this agreement.

24     30.  Defendant understands that even if the Court ignores any

25 sentencing recommendation, finds facts or reaches conclusions

26 different from those agreed to, and/or imposes any sentence up to the

27 maximum established by statute, defendant cannot, for that reason,

28 withdraw defendant's guilty plea, and defendant will remain bound to

17

fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be between the statutory mandatory minimum and the statutory maximum.

NO ADDITIONAL AGREEMENTS

31.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

//

//

//

<u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

32. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

E. MARTIN ESTRADA
United States Attorney

_____     6/24/24
MATT COE-ODESS                       Date
Assistant United States Attorney

_____     6/21/24
SERGIO BARRON                        Date
Defendant

_____     6/21/24
NADINE HETTLE                        Date
Attorney for Defendant SERGIO
BARRON

19

<u>CERTIFICATION OF DEFENDANT</u>

I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

X _____          _____6/21/24_____
SERGIO BARRON                             Date
Defendant

20

1

<u>CERTIFICATION OF DEFENDANT'S ATTORNEY</u>

2     I am SERGIO BARRON's attorney.  I have carefully and thoroughly

3 discussed every part of this agreement with my client.  Further, I

4 have fully advised my client of his rights, of possible pretrial

5 motions that might be filed, of possible defenses that might be

6 asserted either prior to or at trial, of the sentencing factors set

7 forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

8 provisions, and of the consequences of entering into this agreement.

9 To my knowledge: no promises, inducements, or representations of any

10 kind have been made to my client other than those contained in this

11 agreement; no one has threatened or forced my client in any way to

12 enter into this agreement; my client's decision to enter into this

13 agreement is an informed and voluntary one; and the factual basis set

14 forth in this agreement is sufficient to support my client's entry of

15 a guilty plea pursuant to this agreement.

16

17 _____          _____
NADINE HETTLE                               Date
Attorney for Defendant SERGIO
18 BARRON

19

20

21

22

23

24

25

26

27

28